**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-6956**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

versus

RUDY HICKS,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CA-99-89-5-BR)

Submitted: January 24, 2005        Decided: March 1, 2005

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michelle T. Fuseyamore, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rudy Hicks appeals from the district court's order determining that he still meets the criteria for civil commitment under 18 U.S.C. § 4246 (2000). Under § 4246, if, after a hearing, a district court determines by clear and convincing evidence that a person is suffering from a mental disease or defect that would create a substantial risk of bodily injury to another person or serious damage to the property of another, the court shall commit the person to the custody of the Attorney General. Once committed, an individual may periodically move for a hearing under 18 U.S.C. § 4247(h) (2000) to determine whether the committed person should be discharged from commitment under § 4246. To obtain his release from commitment, the district court must find by a preponderance of the evidence that the committed person has recovered from his mental disease or defect to such an extent that his release would no longer pose a substantial risk of bodily injury to another person or serious damage to the property of another. See 18 U.S.C. § 4246(e) (2000).

This court will overturn a district court's finding that a substantial risk of harm exists only if the finding is clearly erroneous. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been

committed." <u>Faulconer v. Comm'r of Internal Revenue</u>, 748 F.2d 890, 895 (4th Cir. 1984).

We have thoroughly reviewed the materials submitted by the parties in this matter and conclude that the district court's determination that Hicks still meets the requirements for commitment under § 4246 was not clearly erroneous. We therefore affirm the order of the district court continuing Hicks' commitment under § 4246. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>